COMMONWEALTH of Pennsylvania, Appellee

v.

**Primitivo VELEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted May 14, 2012.
Filed Aug. 17, 2012.

Karl Baker, Public Defender, Philadelphia, for appellant.

Owen W. Larrabee, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Mary L. Huber, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: BOWES, LAZARUS, and WECHT, JJ.

OPINION by BOWES, J.

Primitivo Velez appeals from the judgment of sentence of four to eight years incarceration followed by ten years probation after his convictions for aggravated indecent assault, unlawful contact with a minor, endangering the welfare of a child, corruption of minors, and indecent assault on a person of less than thirteen years of age. We affirm.

The trial court aptly summarized the facts.

In August 2008, defendant [, who was eighty-years-old,] had been living with his son, Eric [V.], his daughter-in-law, Marilyn [V.], and his two granddaughters, including nine-year-old E.V., for approximately three years. Defendant previously had lived in Puerto Rico, but moved to Philadelphia and into his son and daughter-in-law's house when his wife passed away. Defendant lived in a room in the house that served as the family room and the children's playroom, and had a daybed upon which defendant slept. When the children's mother was not home, defendant was the grown up in charge.

On August 15, 2008, Marilyn [V.] prepared dinner for defendant and called out to him that it was ready. When defendant did not answer, Mrs. [V.] went to the family room and found the door closed. When she opened the door, she saw her daughter, E.V., lying on the bed, nude from the waist down, with her knees up and defendant's head between her legs. Mrs. [V.] immediately ... knew it was sex. Mrs. [V.] screamed for her husband, E.V. climbed under the bed, and defendant immediately fled the house. At trial, E.V. testified that defendant had touched her vagina with his fingers and mouth on several occasions prior to that incident, and had repeatedly penetrated her vagina with his finger.

After defendant fled the house, he left Philadelphia for his daughter's home in Ohio. While in Ohio, defendant sent a letter addressed to E.V. and Mr. and Mrs. [V.], in which he eluded [sic] to the crime and begged for forgiveness.

Trial Court Opinion, 1/23/12, at 3 (citations to record and quotation marks omitted).

The family did not initially report the crimes. However, Appellant's daughter subsequently contacted her brother, the father of the victim, and asked why he evicted his father from his home. The victim's father explained what transpired, and his sister reported the incident to her therapist. As required, the therapist then informed authorities in Pennsylvania.

Appellant was ultimately arrested in Puerto Rico and returned to Pennsylvania to face criminal charges. On September 3, 2010, Appellant agreed to proceed to a non-jury trial in exchange for the Commonwealth's agreement not to seek the mandatory minimum sentence of ten to twenty years imprisonment on the charge of aggravated indecent assault. See 42 Pa.C.S. § 9718(3). The trial court acquitted Appellant of involuntary sexual deviate intercourse, sexual assault, statutory sexual assault, and incest, but adjudicated him guilty of aggravated indecent assault, unlawful contact with a minor, endangering the welfare of a child, corruption of minors, and indecent assault on a person of less than thirteen years of age.

Subsequently, the court conducted a sexually violent predator hearing. The court did not find Appellant to be a sexually violent predator. Thereafter, the court

sentenced Appellant to concurrent terms of four to eight years imprisonment followed by ten years probation for the aggravated indecent assault and unlawful contact with a minor convictions. The court also imposed concurrent probationary sentences of five years on the corruption of minors and endangering the welfare of a child charges. Appellant filed a post-sentence motion challenging both the sufficiency and the weight of the evidence. The trial court denied the motion, and this appeal ensued.

The trial court directed Appellant to file and serve a concise statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b). Appellant complied, and requested permission to file a supplemental statement. The court permitted Appellant to file the supplemental statement and the trial court authored its Pa.R.A.P. 1925(a) opinion. Appellant then sought a remand from this Court so that the trial court could clarify the record relative to the grading of Appellant's offenses and Appellant's sentence. This Court granted that request and remanded the matter on October 26, 2011, instructing the trial court to permit Appellant to file an additional supplemental concise statement. Appellant filed his second supplemental Pa.R.A.P. 1925(b) statement on November 3, 2011, and the court issued another Pa. R.A.P. 1925(a) memorandum. The case is now ready for our review. Appellant asserts the following two issues on appeal.

1. Did not the lower court err in finding the evidence sufficient to convict appellant of aggravated indecent assault of a child under 18 Pa.C.S. § 3125(b) as a felony of the first degree where the evidence failed to show that penetration of the complainant's vagina by appellant's fingers was done without consent?

2. Did not the lower court err in finding the evidence sufficient to convict appellant of unlawful contact with minor, 18 Pa.C.S. § 6318(a), as the evidence was insufficient to prove that appellant had "contact" with the complainant for the purposes of engaging in an offense under Chapter 31 of Title 18 where the evidence did not establish that appellant "contacted" the complainant beyond the physical act implicit in the prohibited sexual contact?

Appellant's brief at 3.

Both of Appellant's issues raise challenges to the sufficiency of the evidence. We review such claims under the following established principles of law.

We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Mobley,* 14 A.3d 887, 889–890 (Pa.Super.2011).

Appellant first contends that the Commonwealth did not establish that the victim did not consent, aside from her inability to do so due to her age. According to Appellant, the grading of aggravated indecent assault is only considered a felony of the first degree where the victim is under age thirteen and one of six additional factors is met. Specifically, the statute reads:

(a) **Offenses defined.**—Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:

(1) the person does so without the complainant's consent;

(2) the person does so by forcible compulsion;

(3) the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

(4) the complainant is unconscious or the person knows that the complainant is unaware that the penetration is occurring;

(5) the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance;

(6) the complainant suffers from a mental disability which renders him or her incapable of consent;

(7) the complainant is less than 13 years of age; or

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

(b) **Aggravated indecent assault of a child.**—A person commits aggravated indecent assault of a child when the person violates subsection (a)(1), (2), (3), (4), (5) or (6) and the complainant is less than 13 years of age.

(c) **Grading and sentences.**—

(1) An offense under subsection (a) is a felony of the second degree.

(2) An offense under subsection (b) is a felony of the first degree.

18 Pa.C.S. § 3125.

Appellant's argument is centered around the interplay between section 3125(b) and section 3125(a)(7). Since Appellant alleges that he did not engage in conduct falling under section 3125(a)(2) through (a)(6), he maintains that only if the victim did not consent can his offense be graded as a felony of the first degree. He submits that although children under age thirteen cannot consent by law, the lack of consent aspect of section 3125(a)(1) must be an affirmative lack of consent or section 3125(b) is rendered superfluous where section 3125(a)(1) triggers section 3125(b). Phrased differently, "subsection (a)(7) would always be subsumed into subsection (b)." Appellant's brief at 11. Thus, Appellant asserts that the Commonwealth must prove lack of consent "beyond the general assumption that a child that young cannot or will not consent." *Id.* Appellant continues that the victim's statement that Appellant's abuse did not feel right and evidence that she did not tell anyone about his actions because she was scared are insufficient to establish an affirmative lack of consent.

■ The Commonwealth counters that the victim's testimony supports beyond a reasonable doubt that she did not consent to Appellant's conduct. Specifically, the victim stated that when Appellant placed his fingers in her vagina and his mouth on her vagina, it felt bad, didn't feel right, and that she was scared and mad at the defendant. Since the victim was only nine years old, the Commonwealth maintains that her capacity to consent is limited, that she is presumed to be unable to consent, and that the language she used to describe how she felt when Appellant sexually molested her establishes that she did not assent to the molestation. We agree.

■ Basic rules of statutory construction set forth that statutes "shall be construed, if possible, to give effect to all its provisions" and that the "legislature did not intend any statutory language to exist as mere surplusage[.]" 1 Pa.C.S. § 1921(a); *see also Commonwealth v. Ostrosky,* 589 Pa. 437, 909 A.2d 1224, 1232 (2006). Appellant's position highlights the poor craftsmanship of section 3125(b), since all children under the age of thirteen are legally unable to consent to sexual acts, thereby rendering the inclusion of section 3125(a)(1) in section 3125(b) textually ambiguous. Certainly, had the legislature intended for aggravated indecent assault of a child under age thirteen to be a felony of the first degree by itself, section 3125(b) could have been constructed differently. As the Commonwealth notes, "the legislature apparently intended to provide a higher grading and harsher penalty when the victim is less than 13 years old **and** there is an additional element[.]" Commonwealth's brief at 6 (emphasis in original).

Consent as a defense is statutorily defined under the Crimes Code, as follows:

(a) **General rule.**—The consent of the victim to conduct charged to constitute an offense or to the result thereof is a defense if such consent negatives an element of the offense or precludes the infliction of the harm or evil sought to be prevented by the law defining the offense.

(b) **Consent to bodily injury.**—When conduct is charged to constitute an offense because it causes or threatens bodily injury, consent to such conduct or to the infliction of such injury is a defense if:

(1) the conduct and the injury are reasonably foreseeable hazards of joint participation in a lawful athletic contest or competitive sport; or

(2) the consent establishes a justification for the conduct under Chapter 5 of this title (relating to general principles of justification).

(c) **Ineffective consent.**—Unless otherwise provided by this title or by the law defining the offense, assent does not constitute consent if:

(1) it is given by a person who is legally incapacitated to authorize the conduct charged to constitute the offense;

(2) it is given by a person who by reason of youth, mental disease or defect or intoxication is manifestly unable or known by the actor to be unable to make a reasonable judgment as to the nature or harmfulness of the conduct charged to constitute the offense;

(3) it is given by a person whose improvident consent is sought to be prevented by the law defining the offense; or

(4) it is induced by force, duress or deception of a kind sought to be prevented by the law defining the offense.

18 Pa.C.S. § 311. This statute highlights the lack of careful construction of section 3125(b) since it is evident that a child under the age of thirteen is unable to

consent, yet lack of consent is included as a grounds to increase the grading of aggravated indecent assault to a first degree felony. Nonetheless, viewing the evidence in a light most favorable to the Commonwealth, we find that the victim's testimony established a lack of consent beyond her mere age. The victim indicated that Appellant's acts were bad, did not feel right, and that she was afraid and angry at Appellant. This evidence is sufficient to establish the victim did not consent to Appellant's acts.

Appellant also argues that he did not contact the victim via a communicative message and that his physical touching of the victim is not the type of contact contemplated by the unlawful contact with a minor statute. In support of his position, Appellant relies on *Commonwealth v. Rose*, 960 A.2d 149 (Pa.Super.2008), and *Commonwealth v. Evans*, 901 A.2d 528 (Pa.Super.2006). This Court in *Rose* remarked that unlawful contact with a minor "is best understood as 'unlawful **communication** with a minor.'" *Rose, supra* at 152 (emphasis in original). We continued that the term contact required a communicative message. In *Evans*, we concluded that unlawful contact with a minor does not merge with indecent assault because the physical touching element of indecent assault is not an element of unlawful contact with a minor, and contact for the purpose of engaging in the sexual activity is not an aspect of indecent assault. Appellant reasons that *Evans* establishes that the physical act itself is insufficient to prove illegal contact with a child and *Rose* requires a communicative message.

The trial court reasoned that the evidence demonstrated unlawful contact because Appellant slept in the family room where the victim would sometimes play and where he babysat the victim. Appellant argues that the Commonwealth did not prove beyond a reasonable doubt that he unlawfully communicated with the victim for purposes of engaging in the prohibited sex acts. The Commonwealth responds that contact does not require a communicative message since the statutory language is in the disjunctive, *i.e.*, a defendant may violate the law by "contact or communication by any means[.]" 18 Pa.C.S. § 6318(c). Further, the Commonwealth submits that this Court's statement in *Rose, supra,* was *dicta.*

▮ Resolving Appellant's issue implicates interpreting the statutory meaning of contact within the unlawful contact with a minor statute. "Statutory interpretation presents a question of law for which our standard of review is *de novo.*" *Commonwealth v. Steffy*, 36 A.3d 1109, 1111 (Pa.Super.2012).

> Our task in construing a statute is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions. When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

*Id.* (quoting *Commonwealth v. Sarapa*, 13 A.3d 961, 964 (Pa.Super.2011)). However, where the words of the statute are not explicit, the intention of the legislature may be discerned by examining: (1) the occasion and necessity for the statute; (2) the circumstances under which it was enacted; (3) the mischief to be remedied; (4) the object to be attained; (5) the former law, if any, including other statutes upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous legislative history; and (8) legislative and administrative interpretations of such statute. 1 Pa.C.S. § 1921. Additionally, "we are required to strictly construe criminal statutes. 1 Pa.

C.S. § 1928(b)(1); *Commonwealth v. McClintic*, 589 Pa. 465, 909 A.2d 1241 (2006). Any doubt as to a criminal statute's meaning is to be resolved in favor of the defendant. *Commonwealth v. Graham*, 607 Pa. 580, 9 A.3d 196, 202 n. 13 (2010)." *Commonwealth v. Greene*, 25 A.3d 359, 361 (Pa.Super.2011).

Our legislature defined unlawful contact with a minor as follows:

(a) **Offense defined.**—A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:

(1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

. . . .

(5) Sexual abuse of children as defined in section 6312 (relating to sexual abuse of children).

(6) Sexual exploitation of children as defined in section 6320 (relating to sexual exploitation of children).

18 Pa.C.S. § 6318(a). In addition, the statutory definition of "contacts" for purposes of the crime is

Direct or indirect contact or communication by any means, method or device, including contact or communication in person or through an agent or agency, through any print medium, the mails, a common carrier or communication common carrier, any electronic communication system and any telecommunications, wire, computer or radio communications device or system.

18 Pa.C.S. § 6318(c).

 In the instant case, we conclude that there was sufficient evidence that Appellant had unlawful contact with the victim beyond the contact necessary to sustain the offense of aggravated indecent assault. The mother testified that when she saw Appellant touching the victim's vagina, the victim had her pants removed and her knees were in the air. The victim would not have had her pants removed and her legs in that position absent previous contact by Appellant, either verbal or physical. In order to engage in the assault, it is reasonable to infer that Appellant directed the victim, either verbally or nonverbally, to unclothe below the waist and to assume that pose. Thus, the Commonwealth proved beyond a reasonable doubt that Appellant had contact with the victim beyond that required to sustain the aggravated indecent assault conviction.

Judgment of sentence affirmed.