J-S03011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK G. OWEN, | |
| Appellant | No. 1699 EDA 2018 |

Appeal from the Judgment of Sentence Entered January 19, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000002-2016

BEFORE: BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED APRIL 03, 2019**

Appellant, Mark G. Owen, appeals from the judgment of sentence[1] of an aggregate term of 3½ to 10 years' imprisonment, imposed after he was convicted of one count each of involuntary deviate sexual intercourse with a person less than 13 years of age,[2] aggravated indecent assault,[3] statutory

---

[1] Appellant purports to appeal from the June 12, 2018 order denying his post-sentence motion; however, a direct appeal by a defendant in a criminal proceeding lies from the judgment of sentence. **See Commonwealth v. Pratt**, 930 A.2d 561, 562 n.1 (Pa. Super. 2007), *appeal denied*, 946 A.2d 686 (Pa. 2008). We have adjusted the caption accordingly.

[2] 18 Pa.C.S. § 3123(a)(6).

[3] 18 Pa.C.S. § 3125(1).

sexual assault,[4] sexual assault,[5] corruption of minors,[6] and indecent assault of a person less than 13 years of age.[7]  Appellant challenges the sufficiency of the evidence to sustain his convictions.  We affirm.

The facts which led to Appellant's convictions are set forth by the trial court in the following portion of its Pa.R.A.P. 1925(a) opinion:

> Beginning when the victim, S.G.,[7] was eight years old, [Appellant] repeatedly sexually abused her.  At the time of the abuse, S.G. lived with her mother and brother at [Appellant's] three-bedroom house in Philadelphia.  S.G. resided at [Appellant's] house for approximately one year.  Shortly after moving in with [Appellant], S.G.'s mother began a relationship with him.  They had two children together.
>
> [7] Pursuant to 42 Pa.C.S. § 5988, the minor victim's name may not be disclosed.
>
> [Appellant] molested S.G. on multiple occasions.  The assaults occurred in the kitchen when S.G. was thirsty and wanted a drink. [Appellant] would lead S.G. to the kitchen, tell S.G. to close her eyes, pour juice into a cup, place his penis inside the cup, and then put his penis inside S.G.'s mouth.  Afterwards, [Appellant] threatened S.G. to keep her from discussing the incidents by saying, "If you tell anyone, I would do to you what I do to your mother."  Having witnessed [Appellant] physically abuse her mother, S.G. interpreted these words as a threat to do the same to her.  On several occasions when S.G. was nine years old, [Appellant] entered her bedroom in the middle of the night and

_____

[4] 18 Pa.C.S. § 3122.1.

[5] 18 Pa.C.S. § 3124.1.

[6] 18 Pa.C.S. § 6301(a)(1).

[7] 18 Pa.C.S. § 3126(a)(7).

got into bed with her. He then touched her breasts and vagina with his hands.[8]

When S.G. was eight years old, she told her friend Mariah about the abuse. When she was twenty or twenty-one years old, S.G. told her aunt. In 2014, at twenty-four years old, S.G. disclosed the abuse to Emi DiCriscio from DHS. Several months later, S.G. provided a statement to the police.

This [c]ourt found [Appellant] guilty of the above charges and deferred sentencing until January 19, 2018[,] for completion of a presentence investigation, mental health evaluation, and Sexual Offenders Assessment Board ("SOAB") evaluation. On that date, [Appellant] was sentenced to an aggregate term of three and one-half to ten years of incarceration, followed by five years of sex offender probation to be supervised by the state. Unbeknownst to defense counsel, [Appellant] filed a *pro se* motion for reconsideration of sentence on January 26, 2018. Counsel for [Appellant] filed a notice of appeal on January 30, 2018. On March 6, 2018, defense counsel filed with the Superior Court a motion to remand the case to this [c]ourt to rule on [Appellant's] *pro se* motion for reconsideration of sentence. On March 23, 2018, the Superior Court ordered the Commonwealth to file within fourteen days a response to [Appellant's] motion to remand to the trial court. On April 24, 2018, the Commonwealth filed a response indicating it did not oppose [Appellant's] motion. On May 18, 2018, the Superior Court relinquished jurisdiction and remanded the case for disposition of the motion to reconsider. On June 12, 2018, the [c]ourt denied the motion.

Trial Court Opinion ("TCO"), 10/11/18, at 1-3 (unnecessary capitalization and citations to record omitted).

On June 13, 2018, Appellant filed a timely notice of appeal. The trial court subsequently issued an order directing Appellant to file a Rule 1925(b) concise statement of errors complained of on appeal by July 10, 2018. On July 24, 2018, Appellant filed a Rule 1925(b) statement, along with a motion

---

[8] S.G. further testified that Appellant digitally penetrated her vagina. N.T. Trial, 5/1/17, at 27.

to extend the deadline to submit the statement. The trial court did not rule on the motion; however, the court appears to have accepted Appellant's untimely Rule 1925(b) statement, as it addressed the issues raised therein at length in its October 11, 2018 Rule 1925(a) opinion. Thus, we overlook the untimeliness of Appellant's concise statement and address the merits of the issues contained therein. *See Commonwealth v. Thompson*, 39 A.3d 335, 340 (Pa. Super. 2012) (stating "[w]hen counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues we need not remand and may address the merits of the issues presented"). Appellant now presents the following sole issue for our review: "Was there insufficient evidence to convict Appellant … ?" Appellant's Brief at 3.

Initially, we are compelled to note that Appellant failed to properly preserve his sufficiency claim, due to a lack of specificity in his Rule 1925(b) statement. In order to preserve a challenge to the sufficiency of the evidence on appeal, Appellant's Rule 1925(b) statement must state with specificity "the element or elements upon which the evidence was insufficient." *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Id.*

Instantly, Appellant's Rule 1925(b) statement baldly states: "There was insufficient evidence to convict [Appellant]." Pa.R.A.P. 1925(b) Statement, 7/24/18, at 2. Appellant further avers in his concise statement that there was

- 4 -

"no physical evidence[,]" that "[t]he incident itself was bizarre[,]" and questions the truthfulness of S.G.'s testimony based on the fact that no corroborating witnesses testified at trial. *Id.* Appellant fails to state with any specificity whatsoever which element(s) relating to which crime(s) he believes the Commonwealth failed to establish. Thus, we are compelled to conclude that Appellant's sufficiency claim is waived.

Nevertheless, even if Appellant had properly preserved his claim, we would deem it to be meritless.

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted).

Appellant challenges the sufficiency of his convictions for involuntary deviate sexual intercourse, aggravated indecent assault, statutory sexual assault, sexual assault, indecent assault of a person less than 13 years of age, and corruption of minors. Thus, we first review the elements of each of these crimes.

A person is guilty of involuntary deviate sexual intercourse if "the person engages in deviate sexual intercourse[9] with a complainant … who is less than 13 years of age."  18 Pa.C.S. § 3123(a)(6).  "Aggravated indecent assault" is defined, in pertinent part, as:

> Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if … [t]he person does so without the complainant's consent….

18 Pa.C.S. § 3125(a)(1).

> The Crimes Code defines "statutory sexual assault" as follows:

> Except as provided in section 3121 (relating to rape), a person commits a felony of the second degree when that person engages in sexual intercourse[10] with a complainant under the age of 16 years and that person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S. § 3122.1.  "Sexual assault" is defined as:  "Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that

---

[9] "Deviate sexual intercourse" is defined as "sexual intercourse per os or per anus between human beings…."  18 Pa.C.S. § 3101.

[10] In addition to its ordinary meaning, "sexual intercourse" includes "intercourse per os or per anus, with some penetration however slight; emission is not required."  18 Pa.C.S. § 3101.

person engages in sexual intercourse without the complainant's consent." 18 Pa.C.S. § 3124.1.

Additionally, a person is guilty of indecent assault:

[I]f the person has indecent contact[11] with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and … the complainant is less than 13 years of age….

18 Pa.C.S. § 3126(a)(7).

"Corruption of minors" is defined as:

[W]hoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

18 Pa.C.S. § 6301(a)(1). This Court has held that acts that tend to corrupt the morals of a minor are those that "would offend the common sense of the community and the sense of decency, propriety and morality which most people entertain." **Commonwealth v. Decker**, 698 A.2d 99, 101 (Pa. Super. 1997).[12]

---

[11] "Indecent contact" is defined as "any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101.

[12] In **Decker**, the Court found sexual intercourse between a thirty-seven year old man and a fifteen-year old girl who never voiced her consent to be such an act constituting corruption of a minor.

In the instant case, S.G. testified that on multiple occasions when she was only 8 years old and asked for a drink because she was thirsty, Appellant told her to close her eyes, poured juice into a cup, placed his penis inside the cup, and then put his penis inside her mouth. N.T. Trial at 16-22. S.G. also testified that when she was 9 years old, Appellant got into bed with her in the middle of the night, touched her breasts and vagina with his hands, and digitally penetrated her vagina. *Id.* at 25-27. The record indicates that Appellant was approximately 35 years old at the time of the foregoing incidents which led to his convictions – the age difference being even greater than in *Decker*. At no point were S.G. and Appellant married. Moreover, a child under the age of 13 is legally unable to consent to sexual acts. *See Commonwealth v. Velez*, 51 A.3d 260, 265 (Pa. Super. 2012). Based on the foregoing, we conclude that the trial court reasonably determined that the Commonwealth proved each element of the offenses for which Appellant was convicted beyond a reasonable doubt.

To the extent that Appellant questions the truthfulness of S.G.'s testimony and argues that the evidence is insufficient without the testimony of any corroborating witnesses, we note that:

> [T]he uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant, despite contrary evidence from defense witnesses. If the factfinder reasonably could have determined from the evidence adduced that all of the necessary elements of the crime were established, then that evidence will be deemed sufficient to support the verdict.

***Commonwealth v. Charlton***, 902 A.2d 554, 562 (Pa. Super. 2006) (internal citations and quotation marks omitted). Moreover, the trial court opined that it:

> [*B*]*elieved* [*S.G.'s*] *account*. S.G. explained why she did not tell her mother. S.G. testified that she had a friend going through the same experience and that "her mother chose the man before the child." S.G. similarly did not think she would be believed. Furthermore, [Appellant] threatened S.G. by saying that he would do to S.G. what he does to her mother. S.G. interpreted this as a threat to inflict the same abuse she had witnessed [Appellant] carry out on her mother. S.G. also provided sufficient details about notifying her best friend, Mariah, her father, and her aunt.

TCO at 4-5 (internal citations to record omitted; emphasis added). "[I]t is axiomatic that [we] must defer to the credibility determinations of the trial court as fact finder, as the trial judge observes the witnesses' demeanor first-hand." ***Commonwealth v. O'Bryon***, 820 A.2d 1287, 1290 (Pa. Super. 2003).

Finally, Appellant argues that the evidence was insufficient to convict him because "[t]here was no physical evidence." Appellant's Brief at 15. As the trial court noted, Appellant "does not specify the type of physical evidence that he contends must have been recovered to sustain his convictions, and none of the offenses require the recovery of 'physical evidence.'" TCO at 3 (citing 18 Pa.C.S. §§ 3123, 3125, 3122.1, 3124.1, 6301, 3126).

Based on the foregoing, we uphold Appellant's convictions.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/3/19