J-A29004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
              :     PENNSYLVANIA
              :
     v.            :
              :
              :
ROBERT M. LETHAM       :
              :
     Appellant       :   No. 1259 WDA 2020

Appeal from the Judgment of Sentence Entered February 24, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008685-2018

BEFORE:   BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:      **FILED: January 13, 2022**

   Appellant, Robert M. Letham, appeals from the aggregate judgment of sentence of two to four years' incarceration, followed by five years' probation, imposed after he was convicted of various offenses, including two counts of unlawful contact with a minor (counts one and six), 18 Pa.C.S. § 6318(a)(1). Appellant challenges the sufficiency of the evidence to sustain his unlawful contact conviction at count six, as well as a condition of his sentence of probation dictating that he not possess a computer or have Internet access. After careful review, we reverse Appellant's unlawful contact conviction at count six, vacate the at-issue sentencing condition, and affirm his judgment of sentence in all other respects.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The trial court summarized the facts established at Appellant's trial, as follows:

> Two minor females (referred to herein as "Minor 1" and Minor 2") testified that [Appellant] had indecent contact with them in 2008 and/or 2009. Minor 1 testified that in 2008, when she was approximately eight years old, she resided in an apartment with her parents and her younger brother in Turtle Creek, Pennsylvania. At this time, [Appellant] was approximately 27 years old. [Appellant's] parents resided next door. [Appellant] would sometimes stay with his parents and visit with Minor 1's family. The families were close and enjoyed a good relationship. [Appellant] would often go to their apartment. Minor 1 and her brother would also go to [Appellant's] apartment to watch television.
>
> On various occasions during this time period, [Appellant] would go to Minor 1's residence to play with her younger brother. There were also times that Minor 1 would go to [Appellant's] residence. On one occasion, [Appellant] had Minor 1 sit on his lap. He pulled a blanket over them[,] … placed his hand on her vagina[,] and moved it up and down. Over the course of the next week, [Appellant] did the same thing to Minor 1. All of the incidents occurred at [Appellant's] apartment. Sometimes he would place a blanket over them and sometimes he would not. Minor 1 did not disclose these assaults until 2018, after she disclosed the assaults to her boyfriend. Minor 1 spoke with a therapist who reported the incidents to police. An investigation ensued and [Appellant] was charged as set forth above.
>
> Minor 2 was the older sister of Minor 1. Minor 2 was her father's child from a previous relationship and Minor 2 generally resided with her mother. Minor 2 would, however, spend the weekends with her father in his apartment with Minor 1, her brother[,] and mother. Minor 2 testified at trial that on one day in 2009, when she was 15 years old, she was staying with her father at his apartment. She was in the kitchen and [Appellant] came into the kitchen, walked toward her[,] and grabbed her breasts over her clothing. Her back was against the wall and [Appellant] grabbed each breast with each of his hands. His hands remained on her breasts for four to five seconds and she pushed him away. She did not disclose the assault until 2018, when the investigation into the assaults on Minor 1 occurred.

Trial Court Opinion (TCO), 4/8/21, at 2-3.

Based on this evidence, Appellant was convicted of the two counts of unlawful contact set forth, *supra*, as well as two counts of corruption of a minor, 18 Pa.C.S. § 6301(a)(1), three counts of indecent assault of a person less than 13 years of age, 18 Pa.C.S. § 3126(a)(7), and one count of indecent assault of a person less than 16 years of age, 18 Pa.C.S. § 3126(a)(8). On February 24, 2020, Appellant was sentenced to consecutive terms of six to twelve months' incarceration for each of his indecent assault convictions, totaling an aggregate term of two to four years' incarceration. The court also imposed concurrent terms of five years' probation for each of his two counts of corruption of a minor, to run consecutively to his term of incarceration. No further penalty was imposed for Appellant's unlawful contact convictions.

Appellant filed a timely post-sentence motion, which the court ultimately denied. He then filed a timely notice of appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court thereafter filed a Rule 1925(a) opinion. Herein, Appellant states two issues for our review:

> I. Whether there was sufficient evidence to convict Appellant at [c]ount 6 for unlawful contact with a minor when the Commonwealth failed to prove Appellant contacted the victim pursuant to the definition and purpose of 18 Pa.C.S. § 6318?
>
> II. Whether the trial court abused its discretion and/or erred when it imposed a probation condition on [A]ppellant that he could not possess or have access to a computer, or otherwise access to the internet in violation of **Commonwealth v. Houtz**[, 982 A.2d 537 (Pa. Super. 2009),] when Appellant never used a computer during the criminal episodes?

Appellant's Brief at 6.

Appellant first challenges the sufficiency of the evidence to sustain his unlawful contact conviction pertaining to Minor 2. To begin, we note our standard of review:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. ***Commonwealth v. Moreno****,* 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. ***Commonwealth v. Hartzell****,* 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. ***Moreno, supra*** at 136.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011).

A person commits the offense of unlawful contact "if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth: (1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses)." 18 Pa.C.S. § 6318(a)(1). Section 6318 defines "contact" as "[d]irect or indirect contact or communication by any means, method or device, including contact or communication in person or through an agent or agency, through any print medium, the mails, a common carrier or communication common carrier, any electronic communication system and

any telecommunications, wire, computer or radio communications device or system." 18 Pa.C.S. § 6318(c).

Instantly, Appellant contends that the Commonwealth failed to prove that he had "contact" with Minor 2 in furtherance of his indecent assault of her. According to Appellant, the Commonwealth's evidence instead demonstrated only that he "walked into the room where [Minor 2] was standing with her back against the wall and grabbed her breasts. There was no evidence showing that Appellant communicated with [Minor 2] to get in such a vulnerable position to cause an indecent assault." Appellant's Brief at 12.

In rejecting Appellant's argument, the trial court acknowledged that "[w]hether [Appellant] had contact with Minor 2 presents a much closer case" than his unlawful contact with Minor 1. TCO at 6. Nevertheless, the court found the evidence sufficient, explaining:

> In a light most favorable to the Commonwealth, this [c]ourt believes that the evidence suggested that [Appellant] was facing Minor 2 at the time of the assault. Minor 2 and [Appellant] were alone in the kitchen at the time of the assault. Minor 2's back was to the wall as [Appellant] approached her. He reached his hands out and grabbed her breasts with his hands. This [c]ourt believes that this evidence suggests that [Appellant] communicated in some way with Minor 2 in order to get her into a position to commit his assault on Minor 2 and, thus, the evidence was sufficient to convict.

***Id.***

In support of its decision, the trial court relied on ***Commonwealth v. Velez***, 51 A.3d 260 (Pa. Super. 2012). There,

- 5 -

[t]he [victim's] mother testified that when she saw [Velez] touching the victim's vagina, the victim had her pants removed and her knees were in the air. The victim would not have had her pants removed and her legs in that position absent previous contact by [Velez], either verbal or physical. In order to engage in the assault, it is reasonable to infer that [Velez] directed the victim, either verbally or nonverbally, to unclothe below the waist and to assume that pose. Thus, the Commonwealth proved beyond a reasonable doubt that [Velez] had contact with the victim beyond that required to sustain the aggravated indecent assault conviction.

*Id.* at 267.

Appellant insists that the present facts are distinguishable from **Velez**. He explains that "Velez was found with the victim on her back with his head between her legs, which gave sufficient circumstantial evidence that the victim was communicated with into getting into that position." Appellant's Brief at 21. In contrast, here,

Appellant made no contact, verbal or non-verbal, in his attempt to elicit sexual contact with the minor. In fact, the incident testified to by the victim shows that the sexual contact was wholly random and instantaneous. Appellant walked into the kitchen, uttered no words[,] and just grabbed the victim's breasts. The victim was not coaxed or forced into a precarious position. She testified that her back was against the wall when Appellant walked up to her[,] and no words were spoken. This incident and the testimony simply do not support "contact" as defined by the legislature and [was] insufficient to convict for unlawful contact with a minor.

*Id.* at 21-22.

Appellant also argues that his case is distinguishable from another case cited by the trial court, **Commonwealth v. Davis**, 225 A.3d 582 (Pa. Super. 2019). There, we found the evidence sufficient to prove that Davis had unlawful contact with the victim based on his describing "to her … what he

- 6 -

was about to do with his private area and why he was manipulating the victim's private area…." *Id.* at 588. We concluded that Davis's statements to the victim "were directly related to his engaging in sexual contact with her, and these discussions demonstrate[d] the kind of communication contemplated by the statute." *Id.*

We agree with Appellant that the facts of this case do not align with *Velez* or *Davis*. Appellant did not speak to Minor 2, as Davis spoke to his victim. Moreover, unlike in *Velez*, Minor 2's body was not positioned in such a way as to circumstantially establish that Appellant indirectly or directly communicated directions to her to accomplish the assault. There were no movements, words, or actions by Appellant or Minor 2 that indicated Appellant unlawfully contacted her to facilitate the indecent assault. Instead, the evidence established only that Appellant approached the victim and immediately grabbed her breasts. As Appellant aptly observes, "[t]he indecent assault[,] alone, does not constitute the unlawful contact." *Id.* at 23. Accordingly, we agree with Appellant that his conviction for unlawful contact with Minor 2 must be reversed.[1]

_____

[1] We note that the Commonwealth effectively concedes that the evidence was insufficient to prove Appellant contacted Minor 2. *See* Commonwealth's Brief at 9 (acknowledging the "the lack of evidence" in regard to Appellant's contacting Minor 2, and stating "that this Court may see fit to determine that the evidence was insufficient as to count 6 of [u]nlawful [c]ontact with a [m]inor"). We appreciate the Commonwealth's candor with this Court.

Next, Appellant contends that the court erred by imposing, as a condition of his probation, that he not have access to a computer or the Internet. Appellant claims that this condition was improper because his offenses did not involve the use of a computer or the Internet. In support of his argument, Appellant relies on *Houtz*. There, we vacated Houtz's probation condition that she not have computer or Internet access, reasoning that the condition was inappropriate where there was no evidence that Houtz had used a computer or the Internet in committing her offenses. *Houtz*, 982 A.2d at 540-41.

In the present case, the trial court now "agrees that the imposition of the condition of probation restricting [Appellant's] access to the computer and the [I]nternet was in error. [Appellant] is correct that the offenses of conviction did not involve the use of any electronic devices and, therefore, there was 'no nexus between the offense charged and access to a computer/Internet[.']" TCO at 7 (quoting *Houtz*, 982 A.2d at 540). The Commonwealth also concedes that the at-issue probation condition is improper. *See* Commonwealth's Brief at 10 ("[T]he condition of probation prohibiting [A]ppellant's access to a computer and the [I]nternet is improper."). In light of *Houtz*, and the court's and parties' agreement, we vacate the condition of Appellant's probation restricting his computer and Internet access.

In sum, we reverse Appellant's conviction for unlawful contact at count six. Because Appellant received no further penalty for that offense, our

disposition does not upset the court's overall sentencing scheme and remand is unnecessary. We also vacate the above-discussed probation condition. In all other respects, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed in part, vacated in part. Conviction at count six reversed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2022