J-S44022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONAS WIMFIELD | : | |
| | : | |
| Appellant | : | No. 508 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 21, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001092-2020

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED SEPTEMBER 4, 2024**

Appellant Jonas Wimfield appeals from the judgment of sentence imposed following his convictions for unlawful contact with a minor, corruption of minors, and indecent assault of a person less than 13 years old.[1] Appellant challenges the sufficiency of the evidence supporting his conviction for unlawful contact with a minor and argues that the trial court erred in denying his motion to stay his registration requirements under Subchapter H of the Sexual Offender Registration and Notification Act[2] (SORNA). Following our review, we vacate Appellant's conviction and sentence for unlawful contact with a minor and affirm the judgment of sentence in all other respects.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6318 (a)(1), 6301, and 3126(a)(7), respectively.

[2] 42 Pa.C.S. §§ 9799.10-9799.42.

By way of background, Appellant was charged with multiple offenses based on allegations that he sexually assaulted a minor victim in 2019. At trial, the victim's mother testified that Appellant was a friend who babysat for the victim and the victim's sister multiple times between 2015 and 2019. N.T. Trial, 8/9/22, 49-50. The victim testified that on one occasion, the victim was in Appellant's bedroom while her sister was asleep. *Id.* at 33-34. At that time, Appellant "used [his] finger and his mouth where [the victim goes] to the bathroom." *Id.* The victim clarified that "where she goes to the bathroom" meant her vaginal area. *Id.* at 35. The victim also testified that she could not remember whether she had clothes on during the assault, but that she normally wore clothes while she was in Appellant's house and did not walk around naked. *Id.* at 36. However, the victim could not recall how Appellant was able to commit the assault while she was clothed. *Id.* at 38.

Ultimately, Appellant was convicted of unlawful contact with a minor, indecent assault, and corruption of a minor. Appellant filed a pre-sentence motion to stay application of SORNA's registration requirements pending the outcome of *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020). At sentencing on October 21, 2022, the trial court denied Appellant's motion and imposed an aggregate term of eleven and a half to twenty-three months' incarceration followed by three years' probation.[3] Appellant was also ordered

_____

[3] Specifically, the trial court sentenced Appellant to concurrent terms of eleven and a half to twenty-three months' incarceration followed by three years'
*(Footnote Continued Next Page)*

to comply with registration requirements under Subchapter H. On October 24, 2022, Appellant filed a timely post-sentence motion, which was subsequently denied by operation of law.

Appellant filed a timely notice of appeal[4] and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court did not file a Rule 1925(a) opinion.[5]

_____

probation for both indecent assault and unlawful contact with a minor. The trial court also sentenced Appellant to two years' probation for corruption of minors, which would run consecutive to the sentences for incarceration but concurrent to the other probation sentences. *See* N.T. Sentencing Hr'g, 10/21/22, at 21-22; Sentencing Order, 11/1/22.

[4] Pursuant to Pa.R.Crim.P. 720(B)(3)(a), a trial court must rule on a post-sentence motion within 120 days of its filing. If the trial court fails to do so, the clerk of courts shall issue an order denying the motion by operation of law, and the defendant must file a notice of appeal within thirty days. *See id; see also* Pa.R.Crim.P. 720(A)(2)(b). Where the clerk of courts issues a premature order denying a defendant's post-sentence motion by operation of law before the 120-day deadline, it may constitute a breakdown in court processes and excuse an otherwise facially untimely appeal. *See Commonwealth v. Rodriguez*, 174 A.3d 1130, 1138-39 (Pa. Super. 2017).

In the instant case, Appellant filed a timely post-sentence motion on October 24, 2022. The 120th day after that was Tuesday, February 21, 2023. However, the clerk of courts entered the order denying the post-sentence motion by operation of law on February 16, 2023, which was fewer than 120 days after the motion was filed and is in contravention of the Pennsylvania Rules of Criminal Procedure. In any event, Appellant filed a timely notice of appeal on February 24, 2023, within 30 days of the date of the order denying his post-sentence motion by operation of law. Therefore, Appellant's notice of appeal was timely.

[5] We note that Hon. Mia Roberts Perez presided over Appellant's jury trial and imposed the instant judgment of sentence. While this appeal was pending, Judge Perez resigned from the Court of Common Pleas of Philadelphia County following her appointment to the United States District Court for the Eastern District of Pennsylvania.

On appeal, Appellant raises the following issues:

1. Was not the evidence insufficient for conviction of unlawful contact with a minor, insofar as [Appellant] was not in communication with the complainant for any prohibited purpose?

2. Did not the trial court abuse its discretion and err as a matter of law in denying Appellant's motion to enjoin application of SORNA, 42 Pa.C.S. §§ 9799.10 — 9799.42, pending the disposition of *Commonwealth v. Torsilieri*, 97 MAP 2022, in the Pennsylvania Supreme Court?

Appellant's Brief at 4.

## Sufficiency – Unlawful Contact

In his first claim, Appellant challenges the sufficiency of the evidence supporting his conviction for unlawful contact with a minor. *Id.* at 13. Specifically, Appellant argues that the Commonwealth failed to prove that he intentionally communicated with a minor for the purpose of engaging in a sexual act. *Id.* In support, Appellant asserts that "[t]he complainant described an incident involving illegal sexual acts, but specifically stated that she could not remember whether Appellant said anything to her to initiate contact." *Id.* Likewise, Appellant notes that the victim "did not testify that Appellant asked her to pose or get on the bed, or otherwise instructed her in any fashion," nor did she state that "Appellant coaxed her to remove her clothing." *Id.* Appellant asserts that "there was no evidence, either direct or circumstantial, that Appellant communicated with [the victim] specifically for the purpose of engaging in sexual contact." *Id.* at 14. Therefore, Appellant concludes that the Commonwealth failed to prove that he was "'in contact'

- 4 -

with a minor for the purpose of committing a sexual offense, and as such the conviction for unlawful contact cannot stand." ***Id.***

The Commonwealth responds that the victim "testified that she wore clothing when with [Appellant]" and "[t]hus, for [Appellant] to have touched [the victim's] bare skin and performed oral sex on her, he necessarily had to remove her clothing before doing so. Such contact is sufficient nonverbal communication to sustain a conviction for unlawful contact with a minor." Commonwealth's Brief at 7 (citing ***Commonwealth v. Strunk***, 160 MDA 2022, 2023 WL 119395 (Pa. Super. filed Jan. 6, 2023) (unpublished mem.), *appeal granted*, 306 A.3d 250 (Pa. 2023); ***Commonwealth v. Copeland***, 2452 EDA 2021, 2022 WL 3909024 (Pa. Super. filed Aug. 31, 2022) (unpublished mem.)).[6]

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial

---

[6] We may refer to this Court's unpublished memoranda filed after May 1, 2019 for its persuasive value. ***See*** Pa.R.A.P. 126(b).

evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

***Commonwealth v. Palmer***, 192 A.3d 85, 89 (Pa. Super. 2018) (citation omitted).

Section 6318 of the Crimes Code defines unlawful contact with a minor, in pertinent part, as follows:

> **(a) Offense defined.**--A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:
>
> (1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

18 Pa.C.S. § 6318(a)(1).

> Section 6138 defines the "contact" element as follows:
>
> Direct or indirect contact or communication by any means, method or device, including contact or communication in person or through an agent or agency, through any print medium, the mails, a common carrier or communication common carrier, any electronic communication system and any telecommunications, wire, computer or radio communications device or system.

18 Pa.C.S. § 6318(c).

> Further, this Court has explained:
>
> [T]he crime of unlawful contact with a minor focuses on communication, verbal or non-verbal, and does not depend upon the timing of the communication. Thus, it matters not whether the communication occurred at the outset of or contemporaneously with the contact; once the communicative

message is relayed to a minor, the crime of unlawful contact is complete. Thus, the statute is best understood as "unlawful communication with a minor," for by its plain terms, it prohibits communication with a minor for the purpose of carrying out certain sex acts.

*Commonwealth v. Davis*, 225 A.3d 582, 587 (Pa. Super. 2019) (some formatting altered, emphasis in original) (citations omitted).

In sum, "[t]he element of contact requires proof that the defendant engaged in some verbal or nonverbal communication with the minor for purposes of sexual contact beyond physically approaching the minor and the physical contact of the sexual act itself." *Strunk*, 2023 WL 119395 at *3; *see also Commonwealth v. Leatherby*, 116 A.3d 73, 80 (Pa. Super. 2015) (concluding that although there was evidence that the defendant approached the minor and engaged in sexual contact, it was insufficient to sustain a conviction for unlawful contact with a minor).

In *Commonwealth v. Velez*, 51 A.3d 260 (Pa. Super. 2012), the defendant was convicted of unlawful contact with a minor after a woman found the defendant molesting her daughter, who was "lying on the bed, nude from the waist down, with her knees up and defendant's head between her legs." *Velez*, 51 A.3d at 262. On appeal, the defendant argued that the Commonwealth failed to prove the "contact" element, as there was no evidence "that he unlawfully communicated with the victim for purposes of engaging in the prohibited sex acts." *Id.* at 266. In rejecting the defendant's claim, this Court explained that "[t]he victim would not have had her pants removed and her legs in that position absent previous contact by [the

defendant], either verbal or physical." ***Id.*** at 267. Therefore, the ***Velez*** Court concluded that there was sufficient evidence to prove unlawful contact, as it was "reasonable to infer that [the defendant] directed the victim, either verbally or nonverbally, to unclothe below the waist and to assume that pose." ***Id.***

In ***Leatherby***, this Court relied on ***Velez*** to conclude that there was insufficient evidence of unlawful contact as to one of the victims, M.S. ***Leatherby***, 116 A.3d at 80. In that case, M.S. testified that the defendant "engaged in a routine pattern of abuse, whereby he would enter her room at night, while she was sleeping, and grope her chest and buttocks." ***Id.*** However, because there was no evidence that the defendant "[said] anything, or communicate[d] with [M.S.] to assume any certain position, or to submit to any given act, as the Court found in ***Velez***," the ***Leatherby*** Court concluded that there was insufficient evidence to establish the contact element of indecent contact. ***Id.***

More recently, in ***Strunk***, this Court affirmed an unlawful contact conviction where the victim's testimony established that on several occasions, the defendant "removed or pulled down [the victim's] clothing in order to commit the sexual assaults and aggravated indecent assault." ***Strunk***, 2023 WL 119395 at *4. The Court found that by removing the victim's clothing, the defendant "engaged in physical contact with the victim beyond the assaults themselves to facilitate his sexual contact with the victim[.]" ***Id.; see also Commonwealth v. Copeland***, 2452 EDA 2021, 2022 WL 3909024

at *4-5 (Pa. Super. filed Aug. 31, 2022) (unpublished mem.) (finding sufficient evidence to establish the contact element of unlawful contact with a minor where the victim testified that the defendant "moved her from her seated position and laid her on her stomach, immediately before removing her clothes and engaging in anal intercourse with her").

Here, the victim testified that Appellant used his fingers and mouth on her vaginal area, which was sufficient to prove that the underlying assault occurred. *See Leatherby*, 116 A.3d at 80. With respect to the 'contact' element, the Commonwealth elicited the following testimony from the victim:

**The Commonwealth:** And when he touched the skin of your bottom part where you pee . . . did you have clothes on?

**The victim:** I don't know.

\* \* \*

**Q:** When you saw [Appellant] in his house, did you walk around naked or did you walk around with clothes?

**A:** Walk around with clothes.

**Q:** So this time that you're telling us about, do you remember -- you don't have to remember what clothes you were wearing, but did anything ever happen to your clothes?

**A:** No.

**Q:** So how was he able to touch the skin of your bottom part if you don't know what happened to your clothes?

**A:** I don't know.

**Q:** That might be a really confusing question. . . . you told us you walked around his house with clothes on, right?

**A:** Yes.

**Q:** And you said that he touched the skin of your bottom part; is that right?

**A:** Yes.

**Q:** Do you remember how he was able to do that if you had clothes on?

\* \* \*

**A:** No

**Q:** You also told us . . . that he licked you, is that correct?

**A:** Yes.

**Q:** What part of his body did he use to lick you?

**A:** His mouth.

**Q:** And where did he lick you?

**A:** I can't remember.

**Q:** You don't remember where on your body he licked you?

**A:** Yes.

**Q:** Do you remember if you had clothes on when he licked you?

**A:** No.

**Q:** You didn't have clothes on?

**A:** No.

**Q:** Or you don't remember?

**A:** I don't remember.

N.T. Trial, 8/9/22, at 35-37.

Unlike in **Velez**, **Copeland**, and **Strunk**, there was no evidence of any contact or communication between Appellant and the victim—either verbal or non-verbal—other than the assault itself. As noted previously, the victim was

unable to recall whether she had been wearing clothes when the assault occurred. *See id.* at 35, 37. Further, the victim did not testify that Appellant removed her clothes, directed her to remove her clothes, or physically positioned her in any particular way in order to commit the assault. *See id.* at 35-37; *cf. Velez* (finding sufficient evidence for the contact element where (1) the victim's clothing had been removed from the waist down; and (2) the victim was physically positioned in such a way that demonstrated "previous contact by [the a]ppellant, either verbal or physical"); *Strunk*, 2023 WL 119395 at *4 (explaining that the victim "testified that [the a]ppellant removed or pulled down her clothing in order to commit the sexual assaults" and concluding that the "acts of removing or pulling down [the v]ictim's clothing to facilitate his assaults were sufficient to satisfy [the contact] element"); *Copeland*, 2022 WL 3909024 at *4-5 (finding sufficient evidence based on the victim's testimony that the defendant "physically repositioned the victim and removed her clothes for the purpose of committing [the assault]").

Therefore, in the absence of any evidence establishing the contact element, we are constrained to conclude that there was insufficient evidence to sustain Appellant's conviction for unlawful contact with a minor. *See Leatherby*, 116 A.3d at 80 (finding insufficient evidence to prove the "contact" element because the victim did not testify that Appellant said anything before the assault or non-verbally "communicated with her to assume any certain position" and "there was no evidence presented from

which the jury could have inferred that [the defendant] engaged in the kind of communication, either verbal or physical, contemplated in **Velez**"). Accordingly, we vacate Appellant's conviction and sentence for unlawful contact with a minor.

However, as noted previously, the trial court imposed concurrent terms of eleven and a half to twenty-three months' incarceration followed by three years' probation for both indecent assault and unlawful contact. Therefore, because our disposition does not upset the trial court's overall sentencing scheme or affect Appellant's aggregate sentence, it is not necessary to remand this matter for resentencing. **See Commonwealth v. Thur**, 906 A.2d 552, 569-70 (Pa. Super. 2006).

## SORNA Registration

Appellant argues that the trial court erred in rejecting his motion to stay the application of SORNA's registration requirements pending the outcome of **Torsilieri**. Appellant's Brief at 18.

In **Faison**, this Court addressed whether the trial court addressed an appellant's challenge to the order denying his motion to stay his Subchapter H registration requirements pending the outcome of **Torsilieri**. **Commonwealth v. Faison**, 297 A.3d 810, 836-37 (Pa. Super. 2023). The **Faison** Court explained:

> [The a]ppellant requests that we stay his Subchapter H SORNA registration requirements because he raised the same constitutionality arguments in his post-sentence motion as the defendant in **Torsilieri**. We decline to do so. Subchapter H has not been declared unconstitutional by the Pennsylvania Supreme

> Court, and "legislative enactments are presumed to be constitutional." *See Commonwealth v. Eid*, 249 A.3d 1030, 1041 (Pa. 2021). . . . Should the Supreme Court declare Subchapter H unconstitutional in the future, Appellant may seek relief at that time. *See Commonwealth v. Lacombe*, 234 A.3d 602, 617-18 (Pa. 2020) (SORNA claims need not be raised pursuant to Post Conviction Relief Act, and thus, not subject to Act's time constraints).

*Id.* at 837 (some formatting altered); *see also Commonwealth v. Bienert*, 198 WDA 2023, 2024 WL 576040 at *5 (Pa. Super. filed Feb 13, 2024) (unpublished mem.) (applying *Faison* and concluding that the trial court did not abuse its discretion by denying the appellant's motion to stay his registration requirements because *Torsilieri* did not declare Subchapter H unconstitutional).

Here, we discern no error of law or abuse of discretion by the trial court in denying Appellant's application to stay. *See Faison*, 297 A.3d at 836-37. As noted previously, Appellant is required to register under Subchapter H, which remains constitutional. *See id; see also Bienert*, 2024 WL 576040 at *5. If the *Torsilieri* Court ultimately declares Subchapter H unconstitutional, Appellant may seek relief at that time. *See Faison*, 297 A.3d at 836-37.

In sum, we vacate Appellant's conviction and sentence for unlawful contact with a minor, and we affirm Appellant's convictions and judgment of sentence in all other respects.

Judgment of sentence affirmed in part, and vacated in part as to the sentence for unlawful contact with a minor. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>9/04/2024</u>