J-S15011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID COPELAND | : | |
| | : | |
| Appellant | : | No. 2452 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 16, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006040-2016

BEFORE: NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.: **FILED AUGUST 31, 2022**

Appellant David Copeland appeals from the judgment of sentence imposed following his conviction for involuntary deviate sexual intercourse (IDSI) and related offenses. Appellant raises claims concerning the sufficiency and weight of the evidence and the discretionary aspects of his sentence. We affirm.

The trial court summarized the underlying facts and procedural history of this matter as follows:

> [The victim] testified to two instances of sexual abuse by Appellant, both of which occurred when she was only five years old. N.T. Trial, 2/28/18, at 30. At the time of the alleged offenses, [the victim's] mother and Appellant were in a romantic relationship. *Id.* at 47, 95-96. [The victim] occasionally spent the night alone at Appellant's home. *Id.* at 32. On other occasions, [the victim] and her sister, L.W., stayed overnight with Appellant. *Id.* at 32, 38-39, 132-33. L.W. testified that their mother was not present when the girls slept there. *Id.* at 134. Appellant's residence was comprised of one large room, a hallway,

and a bathroom. *Id.* at 33-34, 99-100. The main room contained a television and Appellant's bed. *Id.* at 33-34. [The victim] testified that the first incident of abuse occurred when she and Appellant were alone in his home. *Id.* at 32. [The victim] recalled "sitting" on Appellant's bed as she played "a fairy princess [video] game" on the TV. *Id.* at 35. At some point, Appellant repositioned [the victim], laid her on her stomach, and pulled her pants down. *Id.* at 36. Appellant subsequently engaged in anal intercourse with her. *Id.* at 36. [The victim] explained that his penis went "inside" of her "anal section" multiple times before the abuse stopped. *Id.* at 36-37.

A couple of weeks later, Appellant abused [the victim] again in a nearly identical manner. Appellant picked up [the victim] and L.W. from their aunt's house and drove them to his home. N.T. 2/28/18 at 38. [The victim] recalled that Appellant "wanted to spend time with [them]" and that the girls' mother was not present. *Id.* at 37-39. [The victim] testified that she was laying on Appellant's bed and watching TV when, at some point, L.W. left to use the bathroom. *Id.* at 41. Appellant, who had been sitting on the bed, moved closer to [the victim] and "pulled down" her clothes. *Id.* at 42. Appellant engaged in anal intercourse with [the victim] and stopped when L.W. reentered the room. *Id.* at 44. [The victim] testified that both episodes of abuse "felt weird" and caused her pain. *Id.* at 43.

[The victim] first disclosed Appellant's abuse to her mother when she was seven or eight years old. N.T. 2/28/18 at 46, 105-07. However, "nothing happen[ed]," as [the victim's] mother did not take her to report the crimes to authorities. *Id.* at 54-55. A year or two later, [the victim] also reported the incidents to her sister and maternal aunt. *Id.* at 50-51, 55-61. Once again, no one reported the allegations to authorities. *Id.* at 61. In 2014, [the victim] disclosed the underlying offenses to a counselor at her school, who contacted the police. *Id.* at 69-70, 112. Appellant was eventually arrested and charged with the above offenses on June 1, 2016. *Id.* at 17.

Based on these facts, following a waiver trial on February 28, 2018, this court found Appellant guilty of involuntary deviate sexual intercourse with a child (IDSI), unlawful contact with a minor, endangering the welfare of a child (EWOC), corruption of

minors, and indecent assault of a person less than thirteen.[1] Sentencing was deferred for the completion of a pre-sentence investigation [(PSI)] report and mental health evaluation.

On July 16, 2018, this court sentenced Appellant to an aggregate 7 1/2 to 15 years' incarceration, followed by 7 years of probation.[2] Appellant was also ordered to complete literacy classes. On July 26, 2018, Appellant filed two post-sentence motions for reconsideration, arguing that his sentence was "unnecessarily harsh." Following a hearing on August 20, 2018, this court denied the motions.[3]

Trial Ct. Op., 1/13/22, at 1-3.

After the trial court reinstated Appellant's direct appeal rights *nunc pro tunc* on November 24, 2021, Appellant filed a timely notice of appeal. Appellant subsequently filed a court-ordered Pa.R.A.P. 1925(b) statement in which he challenged the sufficiency the evidence supporting his IDSI conviction, the discretionary aspects of his sentence, and the validity of his convictions in light of the character evidence he presented at trial. The trial

_____

[1] 18 Pa.C.S. §§ 3123(b), 6318(a)(1), 4304(a)(1), 6301(a)(1)(i), and 3126(a)(7), respectively.

[2] Specifically, the trial court sentenced Appellant to five to ten years' incarceration for IDSI and two and a half to five years' incarceration for unlawful contact, to be served consecutively. The trial court also sentenced Appellant to concurrent terms of seven years' probation for EWOC, indecent assault, and corruption of minors.

[3] At the post-sentence motions hearing, the Commonwealth noted that the trial court's original sentencing order included a seven-year probation sentence for corruption of minors, which exceeded the five-year statutory maximum for a first-degree misdemeanor. *See* 18 Pa.C.S. § 1104. The trial court explained that the mistake was due to a clerical error and issued a corrected sentencing order reflecting a five-year probation sentence for corruption of minors. *See* Corrected Sentencing Order, 8/20/18. However, the order did not affect Appellant's aggregate sentence.

- 3 -

court filed a Rule 1925(a) opinion addressing Appellant's sufficiency and sentencing claims but concluding that Appellant waived his claims concerning character evidence.

On appeal, Appellant raises several issues, which we have reordered as follows:

1. Was the evidence insufficient to sustain the guilty verdict for unlawful contact with a minor as there was no evidence that Appellant intentionally contacted/communicated with the complaining witness for the specific purpose of committing any crime?

2. Was the evidence insufficient to sustain the guilty verdicts for IDSI, unlawful contact with a minor, endangering welfare of children, corruption of minors and indecent assault, as Appellant presented substantive evidence of his good character for being peaceful and law-abiding, which raised a reasonable doubt and rendered the evidence insufficient on each element of each crime?

3. Did Appellant's substantive evidence of his good character for being peaceful and law-abiding create a reasonable doubt as to the charges of IDSI, unlawful contact with a minor, endangering welfare of children, corruption of minors and indecent assault. This reputation evidence was even more compelling where the Commonwealth introduced no corroborating forensic evidence as to assaults that occurred approximately nine years prior to any investigation taking place?

4. Was the consecutive-in-nature sentence excessive and more than necessary to protect the public, vindicate the victim and rehabilitate an Appellant with no prior criminal record and who is amendable to complete rehabilitation?

Appellant's Brief at 5.

## Sufficiency – Unlawful Contact

In his first claim, Appellant challenges the sufficiency of the evidence supporting his conviction for unlawful contact with a minor. *Id.* at 25. Specifically, Appellant contends that the Commonwealth failed to prove that he intentionally contacted a minor for the purpose of committing a crime. *Id.* at 27. Instead, he asserts that "the evidence only established physical contact" and there was "no actual communication that was done for the purpose of committing an assault." *Id.* Appellant contends that without evidence of "verbal or non-verbal contact preceding or during the assaults . . . the evidence was insufficient to prove the 'contacts' element of the crime of unlawful contact." *Id.* at 28.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Palmer*, 192 A.3d 85, 89 (Pa. Super. 2018) (citation omitted).

Section 6318 of the Crimes Code defines unlawful contact with a minor, in pertinent part, as follows:

**(a) Offense defined.**--A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:

(1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

\* \* \*

"**Contacts.**"  Direct or indirect contact or communication by any means, method or device, including contact or communication in person or through an agent or agency, through any print medium, the mails, a common carrier or communication common carrier, any electronic communication system and any telecommunications, wire, computer or radio communications device or system.

18 Pa.C.S. § 6318.

Further, it is well settled that "the uncorroborated testimony of a single witness is sufficient to sustain a conviction for a criminal offense, so long as that testimony can address and, in fact, addresses, every element of the charged crime."  *Commonwealth v. Johnson*, 180 A.3d 474, 481 (Pa. Super. 2018).

With respect to the "contact" element, this Court has explained:

> [T]he crime of unlawful contact with a minor focuses on communication, **verbal or non-verbal**, and does not depend upon the timing of the communication. Thus, it matters not whether the communication occurred at the outset of or contemporaneously with the contact; once the communicative message is relayed to a minor, the crime of unlawful contact is complete. Thus, the statute is best understood as "unlawful communication with a minor," for by its plain terms, it prohibits communication with a minor for the purpose of carrying out certain sex acts.

*Commonwealth v. Davis*, 225 A.3d 582, 587 (Pa. Super. 2019) (some formatting altered, emphasis in original) (citations omitted).

In *Commonwealth v. Velez*, 51 A.3d 260 (Pa. Super. 2012), the defendant was convicted of unlawful contact with a minor after a woman found the defendant molesting her daughter, who was "lying on the bed, nude from the waist down, with her knees up and defendant's head between her legs." *Velez*, 51 A.3d at 262. On appeal, the defendant argued that the Commonwealth failed to prove the "contact" element, as there was no evidence "that he unlawfully communicated with the victim for purposes of engaging in the prohibited sex acts." *Id.* at 266. In rejecting the defendant's claim, this Court explained that "[t]he victim would not have had her pants removed and her legs in that position absent previous contact by [the defendant], either verbal or physical." *Id.* Therefore, the *Velez* Court concluded that there was sufficient evidence to prove indecent contact, as it was "reasonable to infer that [the defendant] directed the victim, either verbally or nonverbally, to unclothe below the waist and to assume that pose." *Id.*

Here, the trial court addressed Appellant's sufficiency claim as follows:

In the case at bar, there is no evidence that Appellant verbally communicated with [the victim] for the purpose of committing a sexual offense. [The victim] explicitly stated she could not remember whether Appellant said anything to her during the underlying incidents. N.T. 2/28/18 at 36, 41. Nonetheless, the evidence establishes that Appellant physically communicated with, directed, and/or instructed [the victim] and that he did so with the specific intent to commit IDSI.

In describing the first incident of abuse, [the victim] testified that she was sitting on Appellant's bed as she played a video game. *Id.* at 35-36. She explained that Appellant moved her from her seated position and laid her on her stomach, immediately before removing her clothes and engaging in anal intercourse with her. *Id.* at 35-36, 41-43. By repositioning and undressing [the victim], Appellant physically instructed her to submit to his depraved sexual desires. It is reasonable to infer that [the victim] would not have been unclothed, on her stomach without Appellant's physical instruction, direction, and/or communication. Moreover, Appellant's actions were clearly meant to, and did, facilitate the illicit sexual activity that followed. Thus, the evidence is sufficient to prove Appellant unlawfully contacted [the victim] for the purpose of committing IDSI, and his conviction should be affirmed.

Trial Ct. Op. at 7.

Following our review of the record, and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we find no error in the trial court's conclusions. *See Palmer*, 192 A.3d at 89. As noted by the trial court, the evidence established that Appellant physically repositioned the victim and removed her clothes for the purpose of committing IDSI. *See* N.T. Trial, 2/28/18, at 35-36, 41-43. Although there was no direct evidence of any overt verbal communication between Appellant and the victim, it was reasonable to infer that Appellant communicated with the victim, either

nonverbally or verbally, to assume the position she was in when she was assaulted by Appellant. *See Velez*, 51 A.3d at 262. Therefore, the evidence was sufficient to prove the "contact" element of IDSI. *See id.* Accordingly, Appellant is not entitled to relief on this claim.

### Effect of Character Evidence

In his next two claims, Appellant argues that all of his convictions were improper in light of evidence that he had "a reputation in the community for being peaceful and law-abiding." Appellant's Brief at 29.

First, Appellant argues that although the victim's testimony was sufficient to prove the charges against him, "there was substantive evidence of good character, [which] simply diminished the testimony well below the evidentiary threshold of beyond a reasonable doubt." *Id.* at 30. Therefore, Appellant argues that his good character evidence "render[ed] each element of each crime insufficient." *Id.* Additionally, with respect to waiver, he argues that he did "not specify any one element of a crime because his argument is that every element of every charge was rendered insufficient by Appellant's substantive character evidence for being peaceful and law abiding." *Id.*

Second, Appellant argues that the "character evidence—in itself—is enough for reasonable doubt." *Id.* at 32. In support, he emphasizes that "no investigation occurred until approximately nine years after the assaults allegedly took place," and that "in a case where there was no forensic evidence to corroborate that an assault took place, [] credibility was of [the] utmost importance." *Id.* Finally, Appellant contends that although the trial court

treated his claim as "a weight argument in disguise," he "believes that an argument based on good character evidence is an argument that should stand on its own." *Id.*

As noted previously, the trial court found that Appellant waived both of these claims. Specifically, the trial court explained:

Appellant purports to raise a sufficiency of the evidence claim for each of his convictions. In support of his claim, Appellant notes that he presented "substantive evidence of his good character," *see* Rule 1925(b) Statement at 2, and the Commonwealth did not present forensic evidence to corroborate the underlying allegations. However, Appellant's arguments unwittingly challenge the weight of the evidence. No relief is due under either theory, as (a) any claim relating to the sufficiency of the evidence is waived for want of specificity, and (b) Appellant did not preserve a weight claim for appeal and, therefore, any claim directed to the weight of the evidence is waived.

Trial Ct. Op. at 8 (footnote omitted).

The trial court further stated:

In Appellant's 1925(b) statement, he does not argue that there is a lack of evidence supporting any of the statutory elements [for IDSI with a child, EWOC, corruption of minors, or indecent assault]. Appellant also does not claim there is a lack of evidence establishing him as the perpetrator of the alleged offenses. Accordingly, Appellant's sufficiency claim is too imprecise to enable meaningful review. Further, this court is not obligated to reframe the issues or address Appellant's unpreserved claim. Thus, Appellant's sufficiency claims are waived, as he wholly failed to satisfy the mandates of Rule 1925(b).

*Id.* at 11-12.

Following our review of the record, we agree with the trial court's conclusions. In his Rule 1925(b) statement, Appellant did not specify which

elements of each conviction Appellant sought to challenge on appeal. *See Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) (reiterating that a Rule 1925(b) statement must state with specificity the element or elements that were insufficient, particularly when there are multiple convictions for crimes that contain more than one element). Therefore, Appellant's sufficiency claim is waived. *See id.*

Further, to the extent Appellant argues that the trial court should have credited his character witnesses instead of the victim, that claim goes to the weight, not the sufficiency, of the evidence. *See Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 160 (Pa. Super. 2007) (discussing a claim that the trial court erred in crediting the testimony of one witness over another, and noting that "such arguments go to the weight, not sufficiency, of the evidence"); *see also Commonwealth v. Wilson*, 825 A.2d 710, 713-14 (Pa. Super. 2003) (explaining that, unlike a weight claim, a sufficiency challenge does not include an assessment of credibility). Because Appellant did not preserve a weight-of-the-evidence claim before the trial court, that issue is waived. *See* Pa.R.Crim.P. 607(A) (stating that a weight claim must be preserved in a post-sentence motion, a written motion before sentencing, or orally prior to sentencing). Accordingly, Appellant is not entitled to relief.

### Discretionary Aspects of Sentence

In his remaining claim, Appellant argues that the trial court's sentence was "unreasonable because it was manifestly excessive, much too long[,] and more than necessary to protect the public and vindicate the victim, and failed

- 11 -

to consider the characteristics of [] Appellant." Appellant's Brief at 20. In support, Appellant contends that "[t]he consecutive nature [of his sentence] was excessive in light of [] Appellant's good character, lack of a prior criminal record, potential for complete rehabilitation, and because the sentence was much more than needed to protect the public." *Id.* Further, he asserts that although the "sentence did consider [] Appellant's rehabilitation, it did not sufficiently consider his lack of prior record and great potential for complete rehabilitation." *Id.* at 23. Therefore, he concludes that the trial court abused its discretion by sentencing him to consecutive terms of incarceration. *Id.*

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised

for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); ***see also*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Here, the record reflects that Appellant preserved his sentencing claim by filing a post-sentence motion, a timely notice of appeal, and including the issue in his Rule 1925(b) statement. Appellant has included a Rule 2119(f) statement in his brief. Therefore, we must consider whether Appellant has presented a substantial question for review.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Battles***, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

"Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa. Super. 2011) (citation and quotation marks omitted). This Court has also stated that "ordinarily, a claim

that the sentencing court failed to consider or accord proper weight to a specific sentencing factor does not raise a substantial question." ***Id.*** (emphasis in original).

However, "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Caldwell***, 117 A.3d 763, 769-70 (Pa. Super. 2015) (*en banc*). Further, this Court has held that an appellant's "challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs and mitigating factors upon fashioning its sentence, presents a substantial question." ***Commonwealth v. Swope***, 123 A.3d 333, 340 (Pa. Super. 2015).

Here, in his Rule 2119(f) statement, Appellant argues that although his individual sentences were within the recommended guideline range, his aggregate sentence "was excessive due to its consecutive nature" and in light of the mitigating factors in this case. Appellant's Brief at 18-19. Therefore, we conclude that Appellant has raised a substantial question for our review. ***See Swope***, 123 A.3d at 340. Accordingly, we will review the merits of Appellant's sentencing claim.

> Our well-settled standard of review is as follows:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

- 14 -

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on victim and community, and [the] rehabilitative needs of the defendant." ***Commonwealth v. Fullin***, 892 A.2d 843, 848 (Pa. Super. 2006) (citation omitted and formatting altered).

"[T]he trial court is required to consider the particular circumstances of the offense and the character of the defendant," including the defendant's "prior criminal record, age, personal characteristics, and potential for rehabilitation." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citations omitted). This Court has held that "where the sentencing judge had the benefit of a [PSI report], it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Id.*** at 1135 (citation omitted). This Court may only disturb a standard range sentence if we find that the circumstances of the case rendered the application of the guidelines "clearly unreasonable." 42 Pa.C.S. § 9781(c)(2).

Additionally, it is well settled that "Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or

- 15 -

consecutively to other sentences being imposed at the same time or to sentences already imposed." ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013) (citation omitted); ***see also Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa. Super. 1995) (stating that an appellant is not entitled to a "volume discount" by having sentences run concurrently).

Here, in its Rule 1925(a) opinion, the trial court addressed Appellant's sentencing claim as follows:

> In the case at bar, Appellant argues that the consecutive framing of his 7 1/2 to 15-year sentence is "excessive." This court disagrees. Appellant has a prior record score of zero. IDSI with a child, the lead charge in this case, has an offense gravity score of 14. ***See*** 204 Pa. Code § 303.15. The offense is subject to a maximum penalty of forty years' incarceration. 18 Pa.C.S. § 3123(d)(1). Accordingly, the standard-range sentencing guidelines recommend a minimum term of incarceration between six and twenty years for a single IDSI conviction. Appellant's entire aggregate sentence falls on the lower end of this standard range. Thus, Appellant's sentence is presumptively reasonable. ***See Commonwealth v. Fowler***, 893 A.2d 758, 767 (Pa. Super. 2006).
>
> The consecutive framing of Appellant's sentence accounts for the fact that [the victim] was a five-year-old prepubescent child when he sexually assaulted her, Appellant assaulted her on more than one occasion, and Appellant abused his role as a caretaker in one of the most gruesome ways imaginable. Moreover, Appellant's actions have had a severe impact on the [victim]. As the Commonwealth noted at sentencing,
>
> > [the victim] has suffered severe, emotional distress as she was growing up. . . . [I]n some cases such as this there is a level of shame that a child . . . carries around with them. What the court does not know is she did suffer from several suicide attempts. She did try to stab herself [with] a knife. . . . She also tried to overdose on pills and spoke to medical staff about having thoughts about taking her mother's prescription medication and trying to overdose on those.

- 16 -

> This is a child who will need trauma counseling for the rest of her life[,] and it took a lot of courage for her to come forward.
>
> N.T. Sentencing Hr'g, 7/16/18, at 9-10.
>
> Finally, this court reviewed Appellant's [PSI] report prior to sentencing and found no significant mitigating factors. When a sentencing court is informed by a PSI, it is presumed that the judge was aware of relevant information regarding the defendant's character and "weighed all relevant information regarding the defendant's character against any mitigating factors." *Commonwealth v. Mulkin*, 228 A.3d 913, 917 (Pa. Super. 2020). Thus, it can be presumed that this court was aware of and considered all relevant information in sentencing Appellant, and Appellant's claim must fail.

Trial Ct. Op. at 16-17 (some citations omitted and some formatting altered).

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253. The trial court had the benefit of a PSI and considered the appropriate sentencing factors and mitigating evidence as stated at the sentencing hearing. *See Ventura*, 975 A.2d at 1135. Ultimately, the trial court concluded that an aggregate sentence of seven and one-half to fifteen years' incarceration was necessary in light of the circumstances of this case and the impact of Appellant's crimes on the minor victim. *See* Trial Ct. Op. at 16-17. Under these circumstances, we have no basis upon which to conclude that the trial court's application of the guidelines was "clearly unreasonable" or that the trial court abused its discretion in structuring Appellant's sentences consecutively. *See* 42 Pa.C.S. § 9781(c)(2); *Austin*, 66 A.3d at 808. Therefore, Appellant is not entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/31/2022</u>